Thank you, Your Honors. I'm William Sorin, pro se. Thank you for giving me the opportunity to appear before the Court. And I understand you have not requested rebuttal time. You just want to present one argument? Yeah. In its ruling, the District Court failed to recognize the obligation of the government to refrain from withholding information under the Freedom of Information Act. In the words of President Obama, withholding it merely because public officials might be embarrassed by disclosure because errors and failures might be revealed or because of speculative or abstract fears. This obligation was first expressed in those words by President Obama in a memorandum to the heads of executive departments. His words were repeated in reports by the legislative committees recommending passages of subsequent amendments to the Freedom of Information Act. In fact, the committee reports state that the legislation had been intended simply to codify the president's directives. The committee reports also target the history of abuse by government agencies of the so-called litigation exceptions such as attorney work product. These exceptions were specifically invoked by the government to withhold information in this case and form a major part of the lower court's determination. The expectations of the president and Congress must be respected regardless of whether the president's language is specifically written into the statute. Otherwise, those expressions have no purpose and no function at all. I've submitted that the actions of the Department of Justice and the consequences described in this case are extraordinary, indeed unique, in illustrating the errors, failures, and embarrassment addressed by the president and Congress. I can read again the list of examples that I included in the reply brief if that's useful. Well, we have the brief and we'll take that under advisement. Can you explain how precisely the Justice Department erred in invoking these three exemptions? You focused today on the attorney client work product exemption, but you made arguments about all three. In the absence of the factors that I mentioned that President Obama pointed out and that the Congress included in its reasons for passing the laws, in the absence of those, I think the government had every right to exercise those exemptions or to claim those exemptions. I'm not saying that they were correct, but I say that they certainly had the right to do so. You're not challenging the conduct of the search? No, not at all. I just believe that the factors that were discussed, recognized by Obama and the committees, override those exemptions or at least make it inappropriate to use those exemptions. I think the examples of the case and its consequences very strongly support that those variations from the exceptions are appropriate. Thank you for your argument. May it please the Court, Peter Aronoff, U.S. Attorney's Office, Southern District of New York for the government. The Department of Justice properly withheld three types of records related to plaintiff's criminal prosecution. As we explained both in our brief and in the declaration of David Luczynski, which was filed on the district court docket, we withheld some materials under exemption three because they would violate grand jury secrecy, some materials under exemption five because they primarily consisted of internal communications and notes from prosecutors and other law enforcement officers about a then pending criminal investigation and prosecution, and under exemptions six and seven C, witness interview notes that would have revealed persons of interest to a law enforcement proceeding and also other personal details. The justifications are facially valid and more than sufficient to meet the assertions of those exemptions. Plaintiff has argued that President Obama's statements in 2009 are incorporated into the 2016 amendments to the Freedom of Information Act, but as an initial matter- These are statements in a presidential memorandum that's accompanying the Improvement Act. So to be clear, the chronology was that President Obama issued this memorandum in 2009. The act that the plaintiff points to was filed, was passed in 2016, so years later. The committee reports do make mention of President Obama's statements, but there's no text in the amendments that incorporates some sort of new standard on these exemptions. I've reviewed the 2016 amendments, and to my knowledge, the only substantive change to any of the three exemptions is to exemption five. That sets a sunset time frame for the assertion of the deliberative process privilege, but that's not what we relied on. In this case, and in any event, it's 25 years, and it's only been about 12 years since the events of this case. Besides the 2016 amendments, there's also case law, including from the Supreme Court, the FTC v. Grolier case that makes clear that case-by-case exceptions to FOIA exemptions should, even if they exist in ordinary civil litigation, it would not be a good use of to turn FOIA cases into, effectively, collateral litigation on other issues. For that reason, those case-by-case exceptions should not be applied in the FOIA context. Unless the court has further questions, the government respectfully will rest on our papers and request that the district court's judgment be affirmed. Thank you both. We will take the briefs under advisement and your arguments, and thank you for coming in. That's the last case on the calendar this morning, so I will ask the clerk to adjourn court.